# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRIST OF OHIO

| | | |
|---|---|---|
| EXEL, INC., | ) | CIVIL ACTION NO. 2:10-CV-0994 |
| Plaintiff, | ) | |
| v. | ) | **STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS** |
| SOUTHERN REFRIGERATED TRANSPORT, INC., | ) | |
| Defendant. | ) | |

Through their undersigned counsel, the parties hereby stipulate and agree as follows:

**1.    SCOPE.**

    1.1    This Protective Order shall apply to all Discovery Material produced by any Producing Party or third party to a Receiving Party in the above-captioned litigation ("Action") including, without limitation, all testimony adduced at depositions, documents or things produced in response to requests for the production of documents and things, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party.

    1.2    The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, including without limitation testimony, conversations, or presentations and submissions by Parties or Counsel to the Court, as well as other settings, that contain or could reveal Protected Material.

**2.     DEFINITIONS.**

2.1     **"Confidential Information."** Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c). Further, all documents and information furnished by a party in conjunction with this litigation that contain or are derived from trade secrets or other confidential research, development, financial, commercial or other non-public information of current commercial value, including information subject to a contractual obligation of confidentiality, may be designated "Confidential" by said party and furnished to the other parties pursuant to the terms of this Order. The party receiving designated Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

2.2     **"Confidentiality Agreement."** An acknowledgement and agreement to be bound by the terms of this Order, in the form set forth in Exhibit "A" attached hereto.

2.3     **"Counsel"** (without qualifier). Outside Counsel and In-House Counsel.

2.4     **"Discovery Material."** All documents or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, or tangible things), that are produced in, or created for the purpose of, disclosures or responses to discovery in this action.

2.5     **"Expert."** A person who is not a current employee of a Party and has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action, including without limitation a professional jury or trial consultant retained in connection with this action, together with clerical or other support staff who are employed by such expert witnesses or consultants.

2.6     **"Highly Confidential Information."**  All documents and information described in Paragraph 2.1 as Confidential Information and which a party believes to be of a highly sensitive commercial nature, such as certain documents or information reflecting, containing or derived from current confidential trade secrets, research, development, pricing, production, cost, marketing, financial, or customer information, disclosure of which could create an elevated risk of commercial or competitive harm, may be designated "Highly Confidential" by said party and furnished to the other parties pursuant to the terms of this Order.

2.7     **"In-House Counsel."**  Attorneys who are employees of a Party who are involved in the prosecution or defense of this litigation, and their paralegals, secretarial and clerical assistants.

2.8     **"Legend."**  The designation affixed to or appearing on Protected Materials (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or their equivalents).

2.9     **"Outside Counsel."**  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in connection with this action, together with the legal counsel and clerical or other support staff who are employed by such attorneys.

2.10    **"Party."**  Any party to this action, including all of its officers, directors, and employees.

2.11    **"Producing Party."**  A Party or non-party designating documents or information as Protected Material under this Order.

2.12    **"Protected Material."** Any Discovery Material that is designated as "Confidential" or as "Highly Confidential" or their equivalents, including all copies, recordings, abstracts, excerpts, analyses, or other writings, documents or things that contain, reveal, or otherwise disclose such Protected Material.

2.13    **"Receiving Party."**  A Party or non-party to whom the Protected Material is disclosed.

**3.    DESIGNATING PROTECTED MATERIAL.**

3.1    **Documents and Things.**  The Producing Party shall affix the Legend (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on each page that contains Protected Material.

3.2    **Other Material.**  With respect to material that cannot be marked on its face, such as information stored in native format or other electronically stored information produced on electronic or magnetic media, recordings, photographs, and things, the Producing Party may designate such material consistent with this Order, by cover letter referring generally to such material, or by labeling or marking the material, the container, or the package with the appropriate Legend.  If a Receiving Party reduces electronically stored information designated under this Order as either Confidential or Highly Confidential to hard copy or any other form, the Receiving Party shall mark such form with the appropriate Legend.

3.3    **Deposition Testimony.**  All such testimony shall initially be deemed "Highly Confidential."  The Party or non-party providing or sponsoring the testimony shall have until thirty (30) calendar days after receipt of the final deposition transcript within which to inform all other parties in writing of the specific pages and lines of the transcript that are to be designated Confidential or Highly Confidential, which period may be extended by agreement of the parties. Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4.2 and 4.3.  Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order.

3.4     **Inspections of Documents and Things.**  Inspections of documents and things by any Party shall be conducted by persons authorized to access Highly Confidential Information under Paragraph 4.3 of this Order.  Such persons shall initially treat all information obtained from any inspection as containing Highly Confidential Information until such time as copies of the documents or things from the inspection are produced, and, thereafter, such produced documents and things shall be treated in accordance with the confidentiality designation appearing on the document or thing at the time of its production.

3.5     **Court Filings and Written Discovery.**  Any affidavit, brief, memorandum, or other paper filed with the court in this Action, or any discovery request or response served on a Party, containing Protected Material, shall be designated on its face near the caption and on every page containing Protected Material with an appropriate Legend.  In addition, every response to written discovery that contains or constitutes Protected Material shall indicate that it constitutes or contains Protected Material.

**4.     USE, DISCLOSURE, AND TREATMENT OF PROTECTED MATERIAL.**

4.1     **Use of Protected Material.**  All Protected Material shall be disclosed, disseminated, and used by the Receiving Party solely for purposes of the prosecution or defense of this Action, and any related appellate proceeding, and shall not be used by the Receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 4.2 and 4.3, unless the Producing Party agrees in writing or by Order of the Court.  It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned Action based on his or her evaluation of Protected Material.

4.2     **Disclosure of Confidential Information.**  Except with the prior written consent of the Producing Party, Confidential Information, the contents of Confidential Information, and

5

any summary, description, report, writing or thing containing or revealing such material, may be disclosed only to the following individuals under the following conditions:

      (a)      The Court and its personnel under seal;

      (b)      Any mediator(s) engaged by the Parties in this action;

      (c)      Outside Counsel and In-House Counsel for the Parties;

      (d)      Third-party consultants and independent experts, as well as employees of such expert or consultant, to the extent it is necessary that the Confidential Information be shown to them for purposes of assisting counsel in this litigation or during any deposition or such expert or consultant;

      (e)      Qualified persons taking or recording testimony involving Confidential Information and necessary stenographic and clerical personnel thereof;

      (f)      Witnesses in any deposition or other proceeding of this action who (i) at the time of such proceeding are current employees of the Producing Party, (ii) are the author, recipient or intended recipient of the information, or (iii) based on evidence, are reasonably believed to have had access to the Confidential Information in the past;

      (g)      Duplicating services and auxiliary services of a like nature, routinely engaged by Outside Counsel for assistance in litigation; and

      (h)      Any other person, either with the prior written consent of the Producing Party or pursuant to an order of the Court.

      4.3      **Disclosure of Highly Confidential Information.**  Except with the prior written consent of the Producing Party, Highly Confidential Information, the contents of Highly Confidential Information, and any summary, description, report, writing or thing containing or

revealing such material, may be disclosed only to the following individuals under the following conditions:

      (a)      The Court and its personnel under seal;

      (b)      Any mediator(s) engaged by the Parties in this action;

      (c)      Outside Counsel for the Parties;

      (d)      Third-party consultants and independent experts, as well as employees of such expert or consultant, to the extent it is necessary that the Highly Confidential Information be shown to them for purposes of assisting counsel in this litigation or during any deposition or such expert or consultant;

      (e)      Qualified persons taking or recording testimony involving Highly Confidential Information and necessary stenographic and clerical personnel thereof;

      (f)      Witnesses in any deposition or other proceeding of this action who (i) at the time of such proceeding are current employees of the Producing Party, (ii) are the author, recipient or intended recipient of the information, or (iii) based on evidence, are reasonably believed to have had access to the Highly Confidential Information in the past;

      (g)      Duplicating services and auxiliary services of a like nature, routinely engaged by Outside Counsel for assistance in litigation; and

      (h)      Any other person, either with the prior written consent of the Producing Party or pursuant to an order of the Court.

4.4    **Limitations on Disclosure of Protected Material.**  Protected Material shall be used only by individuals permitted access to it under Paragraphs 4.2 and 4.3. Protected Material and copies thereof shall not be disclosed in any manner to any other individual, unless the Producing Party agrees in writing or by Order of the Court. If Protected Material is disclosed to

any person not entitled to receive disclosure of such information under this Order, counsel for the Receiving Party will promptly inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

  4.5 **Maintenance of Protected Material.**  Designations of Protected Material shall constitute a representation that there is a valid basis for such designation.  The attorneys of record for the Parties shall exercise reasonable efforts to ensure that the information and documents governed by this Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.  Moreover, any person in possession of Protected Material shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Protected Material to ensure that the confidential nature of the same is maintained.

  4.6 **Expert Access and Undertakings.**  Before disclosing Protected Material to anyone entitled access under subparagraphs 4.2(d) or 4.3(d), the following procedures will be followed:

   (a) No Protected Material shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individuals described in subparagraphs 4.2(d) or 4.3(d) until such individual executes an undertaking in the form attached hereto as Exhibit A.  The original of each undertaking shall be retained, until the conclusion of this Action including all appeals, by counsel for each party who intends to or does disclose to such individual any Protected Material.

   (b) Before disclosing Protected Material to any person under subparagraphs 4.2(d) or 4.3(d), such person shall be given a copy of this Order and complete and sign an undertaking in the form attached hereto as Exhibit A; and the Party seeking to make such disclosure shall first give written notice to counsel for each Producing Party of the name and

address of the person to whom disclosure is to be made, a current resume or curriculum vitae, the signed undertaking, and a list of all other cases in which, during the previous four years, the person to whom disclosure is to be made testified as an expert at trial or by deposition.  If a Producing Party reasonably believes it would be harmed by the proposed disclosure, it may object in writing to such disclosure within ten (10) calendar days after receipt of the notice.  In the event of an objection, the Parties shall promptly confer to attempt to resolve the concerns giving rise to the objection.  If the Parties are unable to reach agreement regarding such disclosure, the Party seeking disclosure may request that the Court issue an order permitting the disclosure.  No disclosure shall be made until the expiration of the ten (10) calendar day period for the opposing Party to make an objection, or if such objection is made, until the resolution of the objection, whether formally or informally.

(c) The disclosure of the identity of a non-testifying expert will not be a waiver of any privilege that applies to communications with the consultant or the consultant's work product.  The Parties agree that by stipulating to the entry of this Order, the parties do not otherwise intend to modify in any way the discovery rules applicable to consulting experts.  The Parties further agree that the identity of any third-party consultants or independent experts to whom any Protected Material is disclosed by the Receiving Party under subparagraphs 4.2(d) or 4.3(d) shall be kept strictly confidential by the Producing Party and shall not be disclosed to any other person or company without the prior written consent of the Receiving Party or a Court Order.  If the identity of any such third-party consultants or independent experts is disclosed to any person not entitled to receive disclosure of such information pursuant to this subsection, the disclosing party shall follow the steps enumerated in Section 4.4 of this Order, governing the unauthorized disclosure of Protected Material.

4.7     **Limitations on Attendance at Deposition.**  A Party or non-party may exclude from portions of a deposition that inquire about or disclose Protected Material any person who is not entitled to have access to Protected Material under this Order.  If individuals not authorized to access Protected Material fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the Producing Party believes to be Protected Material, counsel for the Producing Party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the Protected Material at issue.

4.8     **Filing Under Seal.**  A Party who files with the Court any document that contains or that is designated as Protected Material by another Party or third party shall take all reasonable steps to ensure that such document is impounded, kept under seal, and unavailable to the public, in accordance with the applicable Federal Rules of Civil Procedure and the Court' Local Rules.

4.9     **Use of Protected Material in Court.**  The parties shall confer and attempt to agree before Protected Material may be disclosed in open Court, including at a trial or hearing, on the procedures under which Protected Material may be introduced into evidence or otherwise used at such time. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Protected Material which may be used or introduced in Court. Absent agreement, the Court shall be asked to issue an order governing the use of such Protected Material in open Court upon reasonable notice to all parties and non-parties who have produced such information.

4.10    In the event that the parties agree or the Court orders that Protected Material may be used in open Court, the following procedure shall apply:

    (a)  Counsel for the parties shall serve on the Producing Party written notice of the terms of such agreement or order governing the use of Protected Material in open Court; describing, with particularity, the documents or information produced by the Producing Party that may be used or introduced; and identifying the Party seeking to introduce the specified Protected Material.

    (b)  If the Producing Party objects to the use of such Protected Material in open Court, counsel for the Producing Party shall serve on the Party seeking to introduce the Protected Material at issue a written objection to such use, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

    (c)  Counsel for the Party seeking to introduce the Protected Material in question shall respond in writing to such objection within ten (10) calendar days and shall state with particularity the grounds for introducing the document or information in open Court.  If counsel for the Party seeking to introduce the Protected Material in question makes a timely response to a written objection to the introduction of the Protected Material, counsel shall then confer in good faith in an effort to resolve the dispute.

    (d)  If a dispute as to the introduction of a document containing Protected Material in open Court cannot be resolved by agreement, the party seeking to introduce such Protected Material shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the dispute.

    (e)  Any failure to object to the introduction of Protected Material in open Court shall not be construed as a waiver or admission that the Protected Material is admissible at trial or hearing.

**5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

5.1     If, during the pendency of this action, counsel for a Receiving Party objects to the designation by a Producing Party as Protected Material, the following procedure shall apply:

(a)     Counsel for the objecting Party shall serve on the Producing Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Producing Party shall respond in writing to such objection within ten (10) calendar days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be non-confidential. If the Producing Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a designation of a document or item of information as Protected Material cannot be resolved by agreement, the challenger of the designation shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The burden of proving that information has been properly designated is on the Producing Party that designated the material as Protected Material. The document or information that is the subject of the filing shall be treated as properly designated pending resolution of the dispute. Any failure to object to any material being designated as Protected Material shall not be construed as a waiver or admission by a non-designating party that the material constitutes Protected Material.

**6.     INADVERTENT PRODUCTION OF PROTECTED MATERIAL.**

6.1     The inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter.

6.2     Such inadvertent or unintentional disclosure may be rectified by the Producing Party promptly notifying in writing, within a reasonable time after discovery of the unintentional disclosure, counsel for all Parties to whom the material was disclosed that the material should have been designated Protected Material.  Such notice shall constitute a designation of the information, document, or thing as Protected Material under this Order.  The Producing Party shall provide copies of the properly marked information along with the written notice, or as soon thereafter as practicable.  Upon receipt of the notice and properly marked information, the Receiving Party shall return or destroy said unmarked information to the extent practicable and shall not retain copies thereof, and shall undertake a best effort to correct the disclosure of such information contrary to the re-designation, including informing any unauthorized recipients of the existence and terms of this Order and demanding the return of the information.

**7.     DISCLOSURE TO UNAUTHORIZED PERSONS.**

7.1     If Protected Material is disclosed to any person not entitled to receive disclosure of such information under this Order, counsel for the Receiving Party responsible for the unauthorized disclosure shall immediately inform counsel for the Producing Party of all pertinent facts relating to the unauthorized disclosure including, without limitation, an identification of the Protected Material disclosed and the person(s) to whom the unauthorized disclosure was made.  Without prejudice to other rights and remedies of any Party, counsel for the Receiving Party also

shall promptly take all reasonable measures to recover the material disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such information is made.

**8.     INADVERTENT DISCLOSURE OF PRIVILEGED OR WORK PRODUCT INFORMATION.**

8.1     When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the Producing Party and brought to the attention of the Receiving Party, the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document, or thing shall not constitute a waiver by the Producing Party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.  The Receiving Party, however, may not assert as a ground for compelling production the fact or circumstance that the information has already been produced.

**9.     NON-PARTIES.**

9.1     **Application to Non-Parties.**  The terms of this Order are applicable to Protected Material produced by a non-party, and a Party or a non-party may designate documents produced in connection with this Action as Protected Material.  Such information so designated will be protected by the remedies and relief of this Order.

9.2     **Efforts by Non-Parties to Obtain Protected Material.**  In the event that any of the Parties (i) is subpoenaed in another action, (ii) is served with a demand in another action to which it is a party, or (iii) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated

as Protected Material by another party, the Party subpoenaed or served in accordance with this Paragraph shall object to production of the Protected Material and shall give written notice to the Producing Party within ten (10) calendar days from the receipt of such a request.  If the person seeking access to the Protected Material takes action against the party covered by this Order to enforce such a subpoena, demand, or other legal process, it shall respond by identifying the existence and terms of this Order.  Nothing in this Order shall be construed as precluding production of Protected Material covered by this Order in response to a lawful court order.

**10.    DURATION.**

    10.1    **Generally.**  All obligations and duties arising under this Order and under any Confidentiality Agreement executed pursuant to this Order shall survive the termination of this Action unless the Producing Party agrees in writing or by Order of the Court.

    10.2    **Termination of Access.**  In the event that any person or Party ceases to be engaged in the conduct of this litigation, such person's or Party's access to any and all Protected Material shall be terminated, and all copies thereof shall be returned or destroyed as soon as practicable after such person or party ceases to be engaged in the conduct of this litigation.  The provisions of this Order shall remain in full force and effect as to any person or Party who previously had access to any Protected Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

    10.3    **Termination of Action.**  Upon the final conclusion of this Action, all persons to whom Protected Material has been disclosed shall, without demand, either (a) destroy, or (b) return to the Producing Party, all Discovery Material containing Highly Confidential Information (and all copies of such material) and all other documents containing information taken from documents that contain Highly Confidential Information, and all documents containing Confidential Information except that Outside Counsel may retain copies of pleadings, briefs,

motions and other documents actually filed with the Court that may include Confidential Information, including deposition transcripts, deposition exhibits and the trial record, as well as any notes, summaries or other work files prepared by attorneys or outside experts or consultants, derived from or containing Confidential Information.  All recipients of Protected Material shall certify in writing within sixty (60) days of the conclusion of this litigation that they have complied with the provisions of this Paragraph.  Upon final termination of this Action, no one other than Outside Counsel shall retain any Confidential Information received from any other party or third party.  Outside counsel shall certify their compliance with the provisions of this Paragraph within sixty (60) days of the Termination of this Action.

**11.    MISCELLANEOUS.**

11.1    Nothing in this Order shall preclude a Producing Party from disclosing to anyone or using in any way its own Protected Material.

11.2    In the event that anyone shall violate or threaten to violate the terms of this Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against such person.

11.3    This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of the terms of this Order.  No modification in this Order that adversely affects the protection of any document produced or given by a third party in this case shall be made without giving to that third party appropriate notice and opportunity to be heard by the Court.

11.4    This Order shall not be construed to prevent any of the Parties, or any third party, from applying to the Court for relief or further or additional protective orders, or from agreeing between or among themselves to modifications of this Order, subject to the approval of the Court.

11.5    This Order shall not deprive any party of its right to object to discovery by any other Party or on any otherwise permitted ground.

11.6    Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Protected Material consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

11.7    The Parties agree to be bound by the terms of this Proposed Order until it is entered by the Court.  The Parties further agree that, if the Court declines to enter this Proposed Order, the Parties shall remain bound by the terms of this Proposed Order until a mutually agreeable Protective Order is entered by the Court.

**12.    JURISDICTION OF THE COURT.**

12.1    The Parties, all persons subject to discovery in these proceedings and all persons who receive Protected Material pursuant to the Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Order.  The Court hereby retains jurisdiction to interpret and enforce this Order during the pendency of this Action and following dismissal, if any, and further retains jurisdiction to modify, amend or make additions to this Order as it may from time to time deem appropriate.

Dated: February __, 2013

| On behalf of Plaintiff Exel, Inc: | On behalf of Defendant Southern Refrigerated Transport, Inc.: |
|---|---|

**ARNALL GOLDEN GREGORY LLP**
Andrew R. Spector, Esq.
Marc A. Rubin, Esq.
Robert M. Borak, Esq.
2 South Biscayne Blvd.
Suite 2690
Miami, FL 33131
Tel: (305) 537-2000
Fax: (404) 873-8501
Email: andrew.spector@agg.com
Email:  marc.rubin@agg.com
Email:  robert.borak@agg.com
*Admitted Pro Hac Vice*

-and-

Kendra L. Carpenter, Esq.
P.O. Box 14293
Columbus, Ohio 43214
Tel: (614) 507-6467
Email: kendralcarpenter@yahoo.com

**GALLAGHER SHARP**
Joseph W. Pappalardo
Timothy P. Roth
Jeffrey D. Stupp
Bulkley Building, Sixth Floor
1501 Euclid Avenue
Cleveland, OH 44115
Tel:  (216) 241-5310
Fax: (216) 375-3475
Email: jpappalardo@gallaghersharp.com
Email: troth@gallaghersharp.com
Email: jstupp@gallaghersharp.com

Entered this 25th day of March 2013.

                                                            s/Mark R. Abel
                                                            United States Magistrate Judge

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRIST OF OHIO

| | | |
|---|---|---|
| EXEL, INC., | ) | CIVIL ACTION NO. 2:10-CV-0994 |
| Plaintiff, | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| SOUTHERN REFRIGERATED TRANSPORT, INC., | ) | |
| Defendant. | ) | |

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that s/he has read the Protective Order entered on _____, in the above-captioned action, and understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms of each Paragraph of the Protective Order.  In particular, the undersigned understands that the terms of the Protective Order obligate him/her to use Protected Material solely for the purpose of this litigation and not to disclose any such Protected Material to any other person, firm or entity, except as provided in the Protective Order.  For purposes of enforcing this Confidentiality Agreement, the undersigned hereby subjects himself/herself to the jurisdiction of this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
[Signature]

_____
[Printed Name]